## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| *In re Lawrence Daddario*, <br> Petitioner. | Civil Action Nos. <br> 1:23-cv-04950-SDG <br> 1:23-cv-04954-SDG <br> 1:24-cv-00316-SDG |

### OPINION AND ORDER

These three actions are before the Court for consideration of the Final Report and Recommendations (R&R) entered in each case by United States Magistrate Judge Justin S. Anand.[1] Judge Anand recommends that Petitioner Lawrence Daddario's § 2254 petitions for a writ of habeas corpus be denied without prejudice as successive and that he be denied a Certificate of Appealability. In Case No. 1:23-cv-4950-SDG (Case 4950), Daddario filed two letters that the Court construes as objections to the R&R.[2] Daddario also filed nine letters in Case No. 1:24-cv-316-SDG (Case 316) that the Court construes as objections.[3] He did not file objections in Case No. 23-cv-4954-SDG (Case 4954). After careful consideration

---

[1] ECF 2 in each case.

[2] Case 4950, ECFs 4 & 6. Daddario initiated three other actions around the same time that he filed the Case 4950 petition: *Daddario v. Darragh*, Civ. A. No. 1:23-cv-4951-SDG; *Daddario v. Unknown*, Civ. A. No. 1:23-cv-4952-SDG; and *Daddario v. McCormac*, Civ. A. No. 1:23-cv-4953-SDG. Since the petitions all challenged the same convictions, Judge Anand ordered that Case 4950 and the three other actions be consolidated. Case 4950, ECF 2.

[3] Case 316, ECFs 4–10, 12, 14.

1

of the record in these actions, the Court overrules Daddario's construed objections, **ADOPTS** each R&R, and **DISMISSES** each case without prejudice.

## I. Background

Daddario, an inmate at Wilcox State Prison in Abbeville, Georgia, filed the instant petitions challenging his aggravated child molestation and cruelty-to-children convictions in the Hall County, Georgia Superior Court. Judge Anand reviewed the petitions and determined that they all must be dismissed as successive.[4] Specifically, Daddario previously sought § 2254 relief in this Court by challenging his Hall County convictions. *Daddario v. Myers*, Civ. A. No. 2:21-cv-128-SCJ (N.D. Ga. Feb. 8, 2023). Under 28 U.S.C. § 2244(b)(3)(A), Daddario cannot file a successive § 2254 petition challenging the same convictions unless he first obtains authorization to do so from the Eleventh Circuit Court of Appeals. Since Daddario has not obtained the required appellate authorization, Judge Anand concluded that the Court lacks jurisdiction to consider the instant petitions. Accordingly, the R&Rs recommend that the case be dismissed without prejudice.

---

[4] Cases 4950, 4954, and 316, ECFs 2 (relying on Rule 4, R. Governing § 2254 Cases in the U.S. Dist. Cts.). Summary dismissal of a habeas corpus petition under Rule 4 is proper when the petition and the attached exhibits plainly reveal that relief is not warranted. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) (stating that a Rule 4 dismissal is appropriate when the petition "appears legally insufficient on its face").

## II.  Standard of Review

A party challenging a report and recommendation issued by a United States Magistrate Judge must file written objections that specifically identify the portions of the proposed findings and recommendations to which an objection is made and must assert a specific basis for the objection. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009). The district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990). The Court need not consider frivolous, conclusive, or general objections. *Schultz*, 565 F.3d at 1361 (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)).

## III.  Discussion

Daddario's letters are largely stream-of-consciousness jeremiads about the ways in which his rights were purportedly violated during his state-court criminal proceedings. But they are not proper objections to the R&Rs: Daddario does not address Judge Anand's conclusion that the petitions are successive and that this Court therefore lacks jurisdiction. The filings are the quintessential frivolous and conclusive objections the Court need not consider. *Id.*

Moreover, there is no reasonable basis for Daddario to claim that he has not already sought relief under § 2254 regarding his Hall County convictions. Judge

Anand correctly determined that, under 28 U.S.C. § 2244(b)(3), this Court "has no jurisdiction to consider a claim presented in a second or successive § 2254 petition unless the court of appeals first grants authorization to file such a petition." *Chavez v. Sec'y, Fla. Dep't of Corr.*, 742 F.3d 940, 946 (11th Cir. 2014). There was thus no error in the determination that the Court lacks subject matter jurisdiction to grant the habeas relief Daddario seeks.

But in Case 316, in addition to the challenge to his convictions, it appears that Daddario also attempted to plead what could be construed as claims for alleged civil rights violations. In particular, Daddario asserts that, while he was incarcerated at Autry State Prison in Pelham, Georgia, he was beaten by other prisoners; the drinking water was contaminated and made him sick; he was "a victim of sexual misconduct," and prison officials stole his identity.[5] He also complains about the purportedly dangerous conditions at his current prison.[6]

This Court has "an obligation to look behind the label of a [pleading] filed by a pro se inmate and determine whether [it] is, in effect, cognizable under a different remedial statutory framework." *Gooden v. United States*, 627 F.3d 846, 847 (11th Cir. 2010) (cleaned up). The purpose for looking beyond the label a pro se litigant attaches to a filing is "to avoid an unnecessary dismissal, to avoid

---

[5]   Case 316, ECF 1, at 7–8.

[6]   *Id.*, ECF 5, at 1.

inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a pro se's claim and its underlying legal basis." *Castro v. United States*, 540 U.S. 375, 381–82 (2003) (citations omitted). As a result, this Court generally construes pro se pleadings liberally. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

While Daddario's allegations, if properly pleaded, might state a cause of action under 42 U.S.C. § 1983, the relevant events occurred outside of this District. Both Wilcox State Prison and Autry State Prison lie in the Middle District of Georgia.[7] The Northern District of Georgia lacks venue for any such claims. 28 U.S.C. § 1391(b). Under 28 U.S.C. § 1406(a), district courts "shall dismiss, or if it be in the interest of justice, transfer" a complaint laying venue in the wrong district. In this instance, it appears that transfer of the case would not be in the interest of justice because Daddario has not sufficiently pleaded any viable § 1983 claims. For instance, he has not provided the names of any official who purportedly violated his rights. To the extent that Daddario wants to assert § 1983 claims against officials at either Autry State Prison or Wilcox State Prison, he must complete the complaint form included with this Order and submit it to the

---

[7] Autry is in Mitchell County, which is in the Albany Division of the Middle District. 28 U.S.C. § 90(b)(5). Wilcox is in Wilcox County, which in the Americus Division of the Middle District. *Id.* § 90(b)(4).

appropriate Division of the United States District Court for the Middle District of Georgia. In the complaint, he should take care to identify the names of the officials who allegedly have violated his rights.

## IV. Conclusion

Having reviewed the record, the Court agrees with the R&Rs that the three cases must each be dismissed. The R&Rs [Case 4950, ECF 2; Case 4954, ECF 2; Case 316, ECF 2] are thus **ADOPTED** as the Orders of this Court. These cases are **DISMISSED WITHOUT PREJUDICE** as successive pursuant to Rule 4 of the Rules Governing § 2254 Cases in the U.S. District Courts and 28 U.S.C. § 2244(b)(3). The Clerk is **DIRECTED** to close these cases.

The Court further agrees with Judge Anand's conclusion that Daddario failed to make "a substantial showing of the denial of a constitutional right." Accordingly, a Certificate of Appealability in each case is **DENIED** pursuant to 28 U.S.C. § 2253(c)(2).

To the extent Daddario seeks to pursue § 1983 claims for alleged civil rights violations at Autry State Prison or Wilcox State Prison, he must file complaints with the appropriate courts. The Clerk is **DIRECTED** to include a copy of the Civil Rights Complaint form for Prisoners when mailing this Order to Daddario.

**SO ORDERED** this 30th day of September, 2024.

Steven D. Grimberg
United States District Judge